### Shafer v. Dean, Admr.

1. **Evidence:** WHERE ADVERSE PARTY IS EXECUTOR: HUSBAND AND WIFE. The rule of the statute (Rev. § 3982) which prohibits a party from testifying where the adverse party is the executor of a deceased person, does not apply to the *wife* of the claimant, and she is competent, under the statute, to give evidence sustaining his claim against the estate.

2. —— OPINIONS OF EXPERTS. In an action against an administrator for boarding and nursing the decedent, the opinions of persons experienced in taking care of the sick, based upon the evidence which they had heard given in the case, as to the value of the board, nursing and care rendered to the deceased by the plaintiff, were held competent.

3. —— DECLARATIONS OF PLAINTIFF. It was also *held,* that the declarations of the plaintiff, while having the care of the decedent and rendering the services sued for, as to what he thought the same were worth, and what he intended to charge therfor, were admissible in evidence against the plaintiff.

*Appeal from General Term, Twelfth District (Bremer County).*

THURSDAY, JULY 21.

PLAINTIFF's claim is for care and attendance upon deceased, for his board, for use of room, etc., during his last sickness. The care, board, etc., are not denied, but it is insisted, in the answer, that they were not of the value charged. The claim was for $434, and plaintiff recovered, before a jury in the circuit court, $259. This judgment was affirmed in the general term, and defendant again appeals.

*Bois, Allen & Couch* for the appellant.

*Jno. E. Burke* and *Avery, Dougherty & Gray* for the appellee.

Shafer v. Dean.

WRIGHT, J.—To reverse this judgment appellant relies upon three grounds :

*First.* In allowing the wife of plaintiff to give testimony for him, material to the maintenance of his action, the facts of which she testified transpiring before the death of the deceased. The law in relation to the proof of claims against an estate is, that the same rules of evidence, including those in relation to the calling and examination of the party as a witness, shall be observed as in cases pending in the district court. Rev. § 2392. Then the chapter on evidence (159), after declaring generally that all persons, including the parties to actions, are competent witnesses for or against each other, provides (in § 3982), that no person shall be allowed to testify under the provisions of the preceding section (3980), when the adverse party is the executor, when the facts to be proved transpired in decedent's lifetime ; nor shall any thing therein contained in any manner affect the laws now existing in relation to the settlement of estates of deceased persons, infants or persons of unsound mind or the attestation of any instrument required to be attested.

1. EVIDENCE : where adverse party as executor : husband and wife.

The meaning of these provisions, and the construction to be given to them, were stated as early as 1861. *Romans* v. *Hay's Admr.*, 12 Iowa, 271; *Bradley* v. *Kavanaugh*, id. 273; and see *Bevan* v. *Hayden*, 13 id. 122; *Porter* v. *Sharp*, 16 id. 438; *Russ* v. *War Eagle*, 14 id. 363; *Pratt* v. *Delavan*, 17 id. 307; *Morris* v. *Sargent*, 18 id. 90; *Blake* v. *Graves*, id. 312; *Jordan* v. *Henderson*, 19 id. 565; *Sylvester* v. *Fleming*, id. 567; *Hosmer* v. *Burke*, 26 id. 353; *Hess* v. *Fockler*, '25 id. 9; *Smyth* v. *Smyth*, 24 id. 491. In these cases we find nothing to warrant appellant's view of the statute, but much to justify the ruling of which he complains. The statute does not exclude the testimony *of all persons* when the adverse

party is an executor (as its language would indicate), but only that of the *other party*, when the facts to be proved transpired in decedent's lifetime. This was ruled in *Romans* v. *Hay's Admr.*, *supra*.

The theory of the statute is, that as the deceased cannot give his version of a transaction, neither shall the surviving party. See *Bradley* v. *Kavanaugh*, *supra*. In addition to this, what is said about the settlement of estates, etc., relates to the admissions of administrators, guardians, etc., to prove matters relating to their accounts, and generally to sustain their proceedings, while acting in a fiduciary capacity. The reason of the law is further shown in the clause which still requires the attestation of instruments required to be attested. The husband, or the plaintiff in this case, would have been incompetent, not because the matter in controversy related to the settle ment of this estate, nor upon the ground of interest, but because the facts to which he could testify as to them, or as to the knowledge of each, died with the deceased. The same reason doeṣ not apply to the wife, for her knowledge is independent of that of the husband; as to this she has an independent existence, and neither the relation nor interest renders her incompetent under our laws.

*Second.* Two witnesses, one a physician of twenty years' standing, the other one having some experience in 2. —— opinions of experts.. taking care of the sick,—both knowing the deceased, and having heard the testimony in regard to his condition while in plaintiff's house and receiving his care and attention, and upon a hypothetical case based upon the facts as plaintiff claimed them, stated, against defendant's objection, their opinion of the value of the board, lodging, care, attention, etc. This ruling is now assigned as error, but upon what ground we can scarcely conceive. A fair amount of common sense and

a due share of the feelings common to humanity, would render the testimony of the witness as competent in such matters, as though he possessed all the skill of the so called most experienced expert. Plaintiff could prove by these witnesses the value of such services generally, and by others his qualification to discharge the labor. And this was just what he was allowed to do in this case.

*Third.* For the defence it was proposed to prove, that during the sickness of the deceased, and while he was under his care, plaintiff made certain state-ments as to what he thought the board, care, attendance, etc., rendered by him were worth, and that he had stated, while he had this care, what he should charge for his services. These facts were offered to be shown by several witnesses ; the testimony was, upon plaintiffs' objection, excluded, and of this defendant now complains, and we think mostly justly.

3. — declaration of plaintiff.

The record shows, that the objections to the testimony were, in brief, as follows :, Because it does not appear that plaintiff was acquainted with the value of said board and care, so as to make his opinion competent. Then again, it was said, whatever his opinion, this would not conclude nor estop him from recovering the actual value of his services, etc. The issue is as to the value of the services, and not as to what plaintiff said he intended to charge. There is no special contract relied on, and plain-tiff is not bound by what he said to witness.

The error af all this, however, is found in the fact that it was the *plaintiff's* admissions which were proposed to be shown, and this " for the purpose of proving the value which he himself put upon his services." Every man is presumed to have a fair degree of knowledge of the value of his own labor, and the competency or incompetency of his opinion thereon has nothing to do with the *admissibility* of his admissions. Their *weight* is another thing.

It is true, the opinion thus given might not estop him, nor necessarily preclude him from recovering more. But, remembering that the party cared for is dead ; that possibly he and plaintiff alone knew the understanding upon which he went to his house and submitted himself to his care,—it would seem that nothing could be more competent than the statements of plaintiff as to what he intended to charge. If this opinion or admission was based upon an erroneous or mistaken appreciation of the magnitude of the labor devolving upon him, or if the care increased from any cause after this, these matters might of course be shown in explanation or in support of plaintiff's demand. But this would not operate to exclude the testimony offered. Because of this error the judgment below is

Reversed.